UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GINO MALDONADO, et al.,

                Plaintiffs,

       - v -

GEORGE PATAKI, et al.,

                Defendants.
------------------------------------------------------------x

**DECISION AND ORDER**

CV-05-5158 (SLT)(VVP)

      The plaintiffs have moved to compel expedited discovery in advance of a hearing on their application for a preliminary injunction now scheduled for December 15, 2005 before Judge Townes. The plaintiffs and the defendants have each submitted letters concerning the application. In addition, the court convened a telephone conference on December 6, 2005 at which counsel for the parties presented further argument.

      The action involves the plaintiffs' attack on the legitimacy of the imminent investiture of a recently elected surrogate judge for Kings County. The plaintiffs contend that the election was tainted by the defendants' decision to time the effective date of the legislation creating the judgeship in such a way as to avoid a primary election and thus permit party leadership to select each party's nominee for the post. They contend this violated their rights under Section 2 of the Voting Rights Act of 1965.

      As an initial matter, the court notes that the plaintiffs sought expedited discovery in the moving papers they submitted to Judge Townes regarding the preliminary injunction they seek. Although the court did not specifically address that portion of the application, expedited discovery was not granted. The court also notes that the perceived need for expedited discovery has arisen at least in part because of their own delay in bringing this action. The events that give

rise to their claim occurred over four months ago, yet the plaintiffs did not file this action until early November. These factors temper the court's consideration of the plaintiffs' application.

In considering whether to grant expedited discovery in a case such as this, this court has examined whether the plaintiffs can make the following showings:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury [that] will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Cecere v. County of Nassau*, 258 F. Supp. 2d 184, 186 (E.D.N.Y. 2003) (citing *Gidatex, S.R.L. v. Campaniello Imports, Ltd.,* 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998)).

The plaintiffs have not articulated an irreparable injury that they would suffer if the elected judge takes office. Certainly, if they ultimately prevail, invalidating the election and removing the judge from office would be an appropriate remedy. Until that determination is made, however, the mere fact that an otherwise qualified individual occupies an office as the result of a flawed election procedure does not cause any readily apparent injury to the plaintiffs.

The defendants have also articulated a number of issues that suggest the plaintiffs will encounter considerable difficulty in achieving success. First, they point out a decision of the Supreme Court holding that citizens possess no right whatever to select a party's candidate for office by means of a primary election. *See American Party of Texas v. White*, 415 U.S. 767, 781-82 (1974). Indeed, in a recent case similar to the one now before this court (although not based on section 2 of the Voting Rights Act of 1965), a sister court in this circuit relied on *American Party of Texas* to reject constitutional challenges to an election in which the winner was selected by party convention rather than by primary. *See Shapiro v. Berger*, 328 F. Supp. 2d 496, 502 (S.D.N.Y. 2004). There is thus considerable question whether, in the absence of a right to

nominate by primary election, the defendants' decision to create a judgeship for which nominees would be selected by the party leadership rather than by primary can possibly constitute a violation of the Voting Rights Act of 1965.

The defendants have also raised considerable questions about personal and subject matter jurisdiction. As to the defendant State of New York, the defendants argue that the Eleventh Amendment bars this court from entertaining subject matter jurisdiction, a position supported by a previous decision of this court in a case involving Section 2 of the Voting Rights Act of 1965. *Ashe v. Board of Elections of City of New York*, No. CV-88-1566, 1988 WL 95427, at *2 (E.D.N.Y. Sept. 8, 1988)(citing *NAACP v. California,* 511 F.Supp. 1244, 1250 (N.D.Cal.1981), *aff'd,* 711 F.2d 121 (9th Cir. 1982); *Ball v. Brown,* 450 F. Supp. 4 (N.D. Ohio 1977)). Neither the Second Circuit nor any other court within the Circuit has held to the contrary. *But see Mixon v. State of Ohio*, 193 F.3d 389, 399 (6th Cir. 1999)).[1] As to the defendant Pataki, the defendants contend that he has not been properly served and that personal jurisdiction therefore has not been obtained. Their unchallenged factual assertions in this regard appear to confirm that position. Although the absence of personal jurisdiction over this party is a technical defect that can readily be remedied, there is some merit to the contention that this court should not subject a party to expedited discovery before personal jurisdiction over the party has been obtained.

Finally, as the court perceives no substantial injury to the plaintiffs in the absence of expedited discovery, their injury hardly "looms greater" than the burden of subjecting defendants

---

[1]The Supreme Court's decision in *State of South Carolina v. Katzenbach*, 383 U.S. 301, 307, 86, S. Ct. 803, 807 (1966), is inapposite because subject matter jurisdiction in that case was founded on article III, section 2 of the Constitution, which provides the Supreme Court with *original* jurisdiction to hear cases brought by a State against citizens of another State. The Supreme Court did not address whether enactment of the Voting Rights Act pursuant to the Fifteenth Amendment eviscerated a State's immunity under the Eleventh Amendment with respect to claims made for violations of that Act.

to extraordinary searches of their records and a deposition in the limited time before the matter is heard by Judge Townes, particularly in light of the jurisdictional questions identified above.

The court thus concludes that the wiser course in this action is to deny the expedited discovery sought by the plaintiffs now, and to await Judge Townes' review of the matter on December 15. At that point, limited expedited discovery can still be ordered to complete the record before a decision on the request for preliminary relief is made.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
December 7, 2005